JAMES QUEEN, Plaintiff, *v.* CHARLES E. FRYER, Defendant.

Supreme Court, New York County, February 19, 1930.

*Harry L. Kreeger* and *William Roth*, for the plaintiff.

*Philip Lerman* and *Lowen E. Ginn*, for the defendant.

SCHMUCK, J.  Seeking payment of a loan made to the defendant, the plaintiff asks judgment specifically decreeing his right to receive from defendant the sum of $6,000 as evidenced by the defendant's note and the sale of the pledge given as security.  Ordinarily the question proposed and the relief sought is easy of answer.  But in this instance to grant plaintiff's prayer is likely to overwhelm the defendant with seemingly unnecessary hardship, for the pledge held by plaintiff is in the nature of a chose in action against third parties for a vastly greater sum than that due plaintiff and for which at a public sale the price realized will indisputably be far less than its face value.  Approaching this problem with clear knowledge of the duty of equity to do even-handed justice, and yet cognizant of the obligation to do no unnecessary harm in the endeavor to avoid the unyielding strictures of precedent and law's rule and principle, effort will be made to give plaintiff his due without endangering the value of the pledge.  In *Wheeler* v. *Newbould* (16 N. Y. 392, approved by *Brightson* v. *Claflin*, 225 id. 469) a principle of equity is discoverable which admirably solves the difficulty here presented.  There the court pronounced the rule of guidance that as it is not an inexorable rule that in every instance a creditor to satisfy his debtor may sell the pledge, so in the case where the pledge is a chose in action a sale thereof will not be decreed, especially if a sale cannot obtain the intrinsic value of the pledge.  In order to avoid needless sacrifice a sale will not be adjudged where the pledge depends for its value on the solvency and ability to pay of the obligor thereof.  Believing that a sale should be the exception rather than the rule where the pledge is the note or other indicia to pay of one whose solvency and financial stability is not a matter of public knowledge, to avoid disposal at a speculative and, therefore, ruinously low price, and in order to protect the pledgor as well as enforce the rights of the pledgee, it is deemed sufficient to limit the creditor who resorts to the pledge rather than the personal liability of the debtor to the acceptance of payments of the hypothecated securities as they become due and apply them in satisfaction of his debt.  The logic of this rule is unanswerable, for it is not probable that a

reasonable individual will subject to the hazard of speculation a chose in action which by its very nature does not readily lend itself to the customary methods utilized in disposing of merchandise.

Finding it fair to assume the absolute dominion over the notes in question was not intended to be given to the plaintiff, since ownership therein was retained by the defendant, and seeing no need for a sale of the pledge in order to protect the plaintiff's interest, it is adjudged and decreed that a sale of the pledge is needless. Accordingly the court finds in favor of the plaintiff, adjudging that there is due him the sum of $6,000 and interest, and further decreeing that action shall be brought by the defendant to collect the amount due on the hypothecated securities, and that for this purpose the plaintiff surrender the pledges in his possession in order that proper proof may be had, and that plaintiff be given an assignment of so much of any judgment obtained as is necessary to satisfy his claim against the defendant as hereinbefore indicated; costs to the defendant. Submit findings and judgment accordingly on notice.